This version includes the errata dated 15Jun01-e

# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-1691

Leo G. Hale,                                                    Appellant,

   v.

Anthony J. Principi,
Secretary of Veterans Affairs,                                Appellee.


Before KRAMER, *Chief Judge*, and HOLDAWAY and STEINBERG, *Judges*.

## O R D E R

In a single-judge order of February 26, 2001, the Court remanded a June 29, 1999, decision of the Board of Veterans' Appeals (Board) that determined that new and material evidence had not been received to reopen a claim for service connection for a neuropsychiatric disorder. The Court found that a remand was required by the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA). On March 19, 2001, the appellant filed, through counsel, a timely motion for reconsideration or a panel decision.

On consideration of the foregoing and the record on appeal, it is

ORDERED, by the single judge, that the motion for reconsideration is denied. It is further

ORDERED, by the panel, that the motion for a panel decision is denied.

DATED:  May 23, 2001                                          PER CURIAM.

KRAMER, *Chief Judge,* concurring:  The appellant has failed to demonstrate that he would be prejudiced by a remand under the VCAA. *See Best v. Principi*, ___Vet.App. ___, ___, No. 99-1144, order at 1-2 (May 15, 2001) (per curiam order) (because of as yet unknown factual and legal context in which claim readjudication will occur, absent "appropriate circumstances," Court refrains from exercising, either sua sponte or at appellant's request, its discretion to address all allegations of error by Board of Veterans' Appeals once it is determined that VCAA necessitates remand). Specifically, such prejudice may result where the appellant would have (1) argued and provided support for a reversal with a grant of benefits by this Court or (2) demonstrated that he would be prejudiced by a remand of his claim without consideration of additional allegations of error; that is, that the errors would not be mooted by a remand pursuant to the VCAA or could not be properly raised and eventually remedied on remand to the Board.

STEINBERG, *Judge,* concurring: After careful examination of the record on appeal and all pleadings in this case, I do not believe that the appellant has presented a viable argument for a panel decision. I do not agree with the analysis in Chief Judge Kramer's statement that the Court should consider the appellant's specific assignments of Board error only when the appellant has demonstrated that he "would be prejudiced by a remand without consideration of" such assignments of Board error. The potential for prejudice is enough, in my judgment.